IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LEROY PURNELL**                                                                                                  **PLAINTIFF**

V.                                                                                                  NO. 4:22-CV-77-DMB-JMV

**CYNTHIA D. COHLY, et al.**                                                                            **DEFENDANTS**

**OPINION AND ORDER**

Leroy Purnell filed a pro se complaint alleging wrongful foreclosure by three named defendants. Currently, Purnell has three motions pending before the Court—a motion for a temporary restraining order, a motion for summary judgment, and a motion for sanctions. There is also a pending motion to dismiss filed by Shapiro & Massey, LLC—the only defendant who appears to have been properly served. Because all of Purnell's pending motions fail to comply with the Local Rules, they will be denied without prejudice. And because Purnell failed to respond to two show cause orders issued by the Court, this case will be dismissed for failure to prosecute and Shapiro & Massey's motion to dismiss will be denied as moot.

**I**
**Procedural History**

On May 24, 2022, Leroy Purnell filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Cynthia D. Cohly; Shapiro & Massey, LLC; and Ocwen Loan Servicing, LLC, asserting various claims based on an allegedly wrongful foreclosure. Doc. #1. Approximately three weeks later, Purnell filed a document titled, "Non-Judicial Temporary Restraining Order – Permanent-Injunction & Demand for an Emergency Hearing due to the Pending Title Dispute Filed in this Court," asking the Court to "force the Banks [sic] attorneys, the realtors, and the Property Management Companies to cease and decease all

foreclosure and eviction efforts until the title dispute pending in this court can be settled." Doc. #4. In violation of this Court's Local Rules, the motion exceeds four pages, includes legal argument and citations, and is not accompanied by a memorandum brief.[1] See L.U. Civ. R. 7(b)(2)(B) & 7(b)(4).

Purnell filed a "Notice and Demand for Default Pursuant Rule 56(C) (2) (3) (4)" on July 5, 2022. Doc. #5. Construing the filing as a motion for entry of default as to all defendants, United States Magistrate Judge Jane M. Virden denied the motion on July 28, 2022, because "the docket reflects that no proper service of a summons and complaint has been made on any named defendant." Doc. #6. Subsequently, Purnell moved to update the address of the defendants, the Clerk of Court reissued the summons with the corrected address, and Judge Virden ordered Purnell to serve the defendants within forty-five days of August 11, 2022. See Doc. #10.

On September 19, 2022, Shapiro & Massey docketed as its answer a single document containing (1) a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and (2) a supporting memorandum. Doc. #12. The Clerk of Court advised Shapiro & Massey to refile the motion and memorandum as separate documents in accordance with the Local Rules. A week later, Judge Virden entered an initial order pursuant to Federal Rule of Civil Procedure 16 and scheduled a case management conference for October 25, 2022. Doc. #13.

On October 3, 2022, Purnell filed (1) a motion for summary judgment "pursuant to 60-256 (a), 2, (e), 2," Doc. #14; and (2) a "Motion for 3.5 Million in Sanction Pursuant to Rule 11," Doc. #15. In violation of the Local Rules, neither motion is accompanied by a memorandum brief. See L.U. Civ. R. 7(b)(4). And Purnell's sanction motion exceeds four pages and includes legal argument and citation. See L.U. Civ. R. 7(b)(2)(B).

---

[1] The Court's Local Rules are available at https://www.msnd.uscourts.gov/forms/uniform-local-civil-rules.

Shapiro & Massey twice refiled their motion to dismiss on October 25, 2022. Docs. #18, #19. Because the filings again failed to comply with the Local Rules, the Clerk of Court instructed Shapiro & Massey to refile the motion to dismiss.[2]

Purnell failed to appear at the scheduled October 25 case management conference. Doc. #21. The same day, Judge Virden ordered Purnell to show cause "why he failed to appear … and failed to file the appropriate case management documents" and advised him that "his failure to show the same will result in [her] recommending to the District Judge that this case [be] dismissed." Doc. #22.

On October 26, 2022, Shapiro & Massey refiled its motion to dismiss and supporting memorandum in accordance with the Local Rules. Docs. #23, #34. Purnell failed to respond to the motion or memorandum.

Because "it appear[ed] to the court that … Cynthia Cohly and Ocwen Loan Servicing, LLC ha[d] not been served with the complaint within the 90-day period set out in Rule 4(m)," Judge Virden issued a second show cause order to Purnell on November 16, 2022. Doc. #25. The order warned Purnell that Judge Virden would "recommend that the complaint be dismissed as to … Cohly and Ocwen Loan Serving, LLC unless [he] establishe[d], within ten (10) days …, satisfactory good cause for his failure to timely serve these defendants." *Id*. Purnell did not respond to either show cause order.

## II
## Purnell's Motions

As mentioned above, all of Purnell's motions violate the Local Rules in various ways. Most egregiously, all three motions are unsupported by a memorandum brief. This failure alone

---

[2] The Clerk also advised that each filing must include a caption with the Court's name, the date of filing, and a certificate of service showing service on Purnell in accordance with the Court's administrative filing procedures.

is sufficient to deny the motions. *See* L.U. Civ. R. 7(b)(4) ("Failure to timely submit the required motion documents may result in the denial of the motion."); *Baughman v. Hickman*, 935 F.3d 302, 312 (5th Cir. 2019) (although pro se litigant's filings are liberally construed, they must still "reasonably comply" with a court's rules); *Propes v. Quarterman*, 573 F.3d 225, 232 (5th Cir. 2009) ("[W]e cannot ignore the principle that *pro se* litigants must conform to the same rules that are no doubt more easily understood by lawyers."). Accordingly, Purnell's motions are denied without prejudice for failure to comply with the Local Rules.

### III
### Failure to Prosecute

> Under [Federal Rule of Civil Procedure] 41(b), a defendant may move to dismiss the action or any claim against it if the plaintiff fails to prosecute or to comply with these rules or a court order. It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion.

*Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (cleaned up). "The broad rule is that a district court may dismiss a claim on its own motion as long as the procedure employed is fair. More specifically, fairness in this context requires both notice of the court's intention and an opportunity to respond …." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (cleaned up).

Here, Judge Virden's October 25 order provided notice to Purnell that his case may be dismissed for failure to prosecute and gave him an opportunity to respond. The November 16 order provided additional warning to Purnell that his claims against Cohly and Ocwen were subject to dismissal for failure to perfect service and also allowed him an opportunity to respond. To date, Purnell has failed to respond to either order. Accordingly, dismissal for failure to prosecute is warranted.[3] Shapiro & Massey's motion to dismiss will be denied as moot.

---

[3] Dismissal is also warranted due to Purnell's failure to appear at the case management conference and to provide an excuse for such failure.

4

## IV
## Conclusion

Purnell's motions [4][14][15] are **DENIED without prejudice**. This case is **DISMISSED without prejudice**. Shapiro & Massey's motion to dismiss [23] is **DENIED as moot**.

**SO ORDERED**, this 29th day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**